IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIMMY WAYNE SPENCER, as Special Administrator and Representative of the Estate of MARK GLEN SPENCER, and as Representative of the Beneficiaries or Heirs of the Estate of MARK GLEN SPENCER,<br><br>      Plaintiffs,<br><br>-vs-<br><br>LANA NELSON, D.O.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CIV-21-530-F<br>)<br>)<br>)<br>)<br>) |

### ORDER

The court has an independent duty to inquire into its own subject-matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

The complaint alleges that the court has jurisdiction over this action based upon 28 U.S.C. § 1332 (diversity jurisdiction). However, according to the complaint, Jimmy Wayne Spencer is bringing this action as special administrator and representative of the estate of Mark Glen Spencer and as representative of the beneficiaries or heirs of the estate of Mark Glen Spencer. As pled, it appears that Jimmy Wayne Spencer is bringing a survivor action on behalf of the estate of the decedent, Mark Glen Spencer, under 12 O.S. 2011 § 1051, as well as a wrongful death action on behalf of the heirs of his estate, under 12 O.S. 2011 § 1053. *See*, Gaasch Estate of Gaasch v. St. Paul Fire and Marine Ins. Co., 412 P.3d 1151, 1154-55 n.11 (Okla. 2018) (explaining survivor and wrongful death actions); *see also*,

Haws v. Luethje, 503 P.2d 871, 874 (Okla. 1972) ("An action under the survival statute is for personal injury to the decedent and is in behalf of his estate.  An action under the wrongful death statute is for the pecuniary loss suffered by the surviving spouse and children, if any, or next of kin, and is for their exclusive benefit.").  With regard to the survivor action, the court notes the damages requested in the complaint include damages for pain and suffering of the decedent.

For diversity purposes, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."  28 U.S.C. § 1332(c)(2).[1]  The complaint alleges that Jimmy Wayne Spencer is a citizen of the State of Texas.  It does not, however, allege the state of citizenship for decedent, Mark Glen Spencer.  The complaint must allege the state of citizenship for Jimmy Wayne Spencer and for Mark Glen Spencer, if Jimmy Wayne Spencer is in fact seeking recovery of damages both on behalf of the estate of the decedent and the heirs of the decedent.

Accordingly, the court **ORDERS** as follows:

If Jimmy Wayne Spencer is seeking recovery of damages both on behalf of the estate of decedent, Mark Glen Spencer, and on behalf of the heirs of decedent, Mark Glen Spencer, Jimmy Wayne Spencer shall file, within 14 days of the date of this order, a first amended complaint which includes the state of citizenship for the decedent.[2]

---

[1] "By its plain terms, § 1332(c)(2) . . . excludes from its coverage those who are not representing the estate of a decedent, even if the individual is appointed pursuant to statute with authority to bring an action for wrongful death."  Tank v. Chronister, 160 F.3d 597, 599 (10th Cir. 1998).

[2] If Oklahoma is the state of citizenship for decedent, Mark Glen Spencer, the court will not be able to exercise diversity jurisdiction and a dismissal without prejudice will be required.  The court notes the Oklahoma savings statute, 12 O.S. § 2011 § 100, permits an action to be refiled following a voluntary dismissal, so long as certain conditions are met.  See, State Farm Mutual Automobile Ins. Co. v. Payne, 408 P.3d 204, 206 (Okla. 2017).

2

If Jimmy Wayne Spencer is not seeking recovery of damages on behalf of the estate of decedent, Mark Glen Spencer, Jimmy Wayne Spencer shall file, within 14 days of the date of this order, a first amended complaint which clarifies that he is only seeking damages on behalf of the heirs of Mark Glen Spencer and not on behalf of the estate.

DATED this 1st day of June, 2021.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0530p001.docx